IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYNE A. SILVER,

    Appellant,

v.

ADVANCED ASSET ACQUISITION CORPORATION, ENHANCED ASSET MANAGEMENT CORPORATION, and MONTGOMERY HARRELL,

    Appellees.
                                  /

No. C 14-04638 WHA

(Bankr. Case No. 14-54224)

**REQUEST FOR RESPONSE**

       Appellant appeals an order by the bankruptcy judge imposing discovery sanctions under Rule 37. Appellant shall please include responses to the following questions in its reply brief due by **JANUARY 23 AT NOON**:

       1.    Does this Court have jurisdiction over the order granting discovery sanctions (the only order on appeal now)? *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 200, 207, 210 (1999). Has a final judgment (or a final decision) been entered in the bankruptcy action? If so, when and where is that judgment in the record? *In re Markus*, 313 F.3d 1146, 1151 (9th Cir. 2002). How did the bankruptcy action terminate? Was Appellant's appeal timely filed?

       2.    Appellant argues that the order granting discovery sanctions is a "final order on a contempt motion" (Br. 1). Did the bankruptcy judge hold Appellant Attorney Wayne Silver in contempt? Where in the record is that finding? It appears that Appellees moved for a finding of contempt and moved for sanctions but the bankruptcy judge only granted discovery sanctions under Rule 37(b)(2)(A).

3. Appellant also argues that the discovery sanctions order "resolved a discrete contested matter and therefore has the status of a judgment" (Br. 1). In other words, Appellant's theory is that the discovery sanctions order disposed of "the only issue before the court." *In re Stasz*, 387 B.R. 271, 275 (B.A.P. 9th Cir. 2008). In *Stasz*, however, "the contested matter alleging Debtor's contempt was the only matter before the court." Here, it appears that the parties continued to litigate their dispute after the order granting discovery sanctions. How could the order granting discovery sanctions possibly have the "status of a judgment?" Rule 37 discovery sanctions are often "inextricably intertwined with the merits of the action." *Cunningham*, 527 U.S. at 205; *Klestadt & Winters, LLP v. Cangelosi*, 672 F.3d 809, 819 (9th Cir. 2012).

4. Has Appellant paid the sanctions? If so, when?

Appellees may also file a response by **JANUARY 23 AT NOON**. Appellees' response shall not exceed three pages.

Dated: January 14, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2