IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYNE A. SILVER,

    Appellant,

v.

ADVANCED ASSET ACQUISITION CORPORATION and ENHANCED ASSET MANAGEMENT CORPORATION,

    Appellees.

No. C 14-04638 WHA

**ORDER AFFIRMING ORDER OF BANKRUPTCY COURT**

## INTRODUCTION

In this bankruptcy appeal, Appellant — the attorney who represented the bankruptcy debtor — appeals an order imposing $12,000 in discovery sanctions against him personally for a botched discovery production. For the reasons stated herein, the bankruptcy court's order is **AFFIRMED**.

## STATEMENT

The essence of this case is as follows. In a March 2013 order, the bankruptcy judge approved the parties' joint stipulation regarding the production of documents. Appellant then made a botched production on behalf of his client by sending over the wrong files. Following a meet-and-confer telephone call, Appellant made a second production. Following a motion for sanctions, Appellant made a third production. After oral argument, the bankruptcy judge found that discovery sanctions were appropriate. An award of $12,000 from Appellant (the attorney) and $12,000 from his client followed. Now, only the attorney, Wayne A. Silver, appeals the order granting discovery sanctions. Here are the details.

                  \*                  \*                  \*

In February 2013, during the bankruptcy proceeding, the parties appeared for a motion hearing. Both sides agreed on the record that an exchange of information would be productive (ER 16 at 346, 347, 349). The parties then filed a stipulation, which included the following agreement (ER 17):

> Subject to an anticipated protective order . . . on or before Friday, March 22, 2013, [Appellant's client] will providing [Appellees], through counsel, the following:
>
> • An Excel spreadsheet of the Reorganized Debtor's Accounts Receivable (a/k/a AR Workbook). This is a traditional monthly AR roll, showing beginning balances, increases, decreases and ending balances. The spreadsheet will include all "cycle #s."
>
> • An Excel spreadsheet of all contracts in Reorganized Debtor's database existing at the beginning of each month from May 2012 through August 2012, including an interim report dated August 15, 2012.

A March 2013 order approved the parties' stipulation (ER 19).

In March 2013, a "series" of Excel files were sent to Appellant but he then botched the production. Specifically, the "wrong Excel files" were converted to PDF format and sent to Appellees. This was a "mistake" and the result of "human error," Appellant admitted (ER 29 at 745, 756, 41 at 874). Instead of sending Appellees the files Appellant received from his client, Appellant actually re-sent data Appellees already had.

Appellees then sent two emails to Appellant identifying deficiencies with the production. The first email, dated March 26, 2013, stated that if Appellant's client failed to produce "Excel versions" of the files by the agreed-upon deadline, Appellees would file a motion for contempt. The second email, dated March 27, 2013, stated that the production was "incomplete in at least four major respects." That is, (1) only "past-due" contracts were produced even though "all contracts" were requested; (2) documents relating to the number of cycles for past-due accounts were not produced; (3) the number of past-due contracts in the production was a "fraction of the total" past-due contracts; and (4) no Excel spreadsheets were turned over (ER 29 at 761, 767).

A telephonic meet-and-confer occurred on March 29, 2013. Appellant participated in the call (ER 29 at 757).

2

After his client sent more files to him, Appellant withheld one Excel file (allegedly because no protective order was in place at the time) and made a second production in April 2013. Appellant then "inadvertently failed to send the withheld Excel file" even after a protective order existed (ER 29 at 757).

Appellees then filed a motion for contempt and for sanctions for violation of the March 2013 order approving the parties' stipulation. Appellees sought terminating sanctions (*i.e.*, dismissal of the adversary proceeding), an adverse inference, and fees and expenses for bringing the motion.

Two weeks later, on May 22, 2013, Appellant made a third production which included the withheld Excel file. Recall, Appellant's client had promised to turn over the requested files two months earlier (by March 22, 2013) pursuant to the parties' stipulation. Appellant then filed an opposition to Appellees' motion, arguing that (1) the motion was procedurally improper because no meet-and-confer had occurred; (2) Rule 37 remedies were inappropriate because no discovery-motion practice and no discovery order had been entered; and (3) Appellees relied on pre-bankruptcy bad behavior that had "no bearing" on the instant motion (ER 29 at 747).

On reply, Appellees argued, among other things, that Appellant's tardy third production did not cure the violation and the third production remained inadequate. Appellant's clients hid "critical evidence on approximately 7,500 Contracts with current balances of over $21 million," Appellees told the bankruptcy judge (ER 775).

At the hearing, Bankruptcy Judge M. Elaine Hammond ruled on the record as follows (ER 41 at 880–82) (emphasis added):

> Federal Rule of Civil Procedures 37 is incorporated into the Bankruptcy Rules by Federal of Bankruptcy Procedure 7037. It's applicable in contested matters by Rule 9011 and in adversary Proceedings.
>
> Rule 37(b)(2)(A) provides for sanctions for the failure to obey an order to provide or permit discovery. ***Here contrary to Colfax and Culver's [Appellant's client] contingents [sic], it may follow a motion to compel, but is not required to for sanctions to be awarded.*** Further, since the discovery that's being provided was stipulated to there seems to be no basis for addressing many of the normal evidentiary objections, because once you stipulated to it's hard to argue that's not relevant, it's unduly burdensome, or some other standard objection.

3

> *Here, consistent with the local rules, Advanced and Enhanced [Appellees] met and conferred following the first production.* The Colfax and Culver [Appellant's client] have now had three bites at the apple on this issue. I understand there is a mix of views as to whether a deposition is needed or further documents.
>
> *What I did see is a failure to focus — I don't know if it's by your office, Mr. Silver [Appellant], or by your client — on the discovery that needed to be provided and that they'd agreed to provide.* It's not an efficient use of the Court's time to deal with this. It's certainly not an efficient use of either counsel's time to deal with this as well.
>
> While Advanced and Enhanced [Appellees] have requested that I issue sanctions by dismissal of the adversary proceeding and drawing an inference I think this is very aggressive request and that I find inappropriate at this time based on the record in these proceedings. But some penalty is appropriate.
>
> *In accordance with Rule 37(b)(2)(C) I intend to enter an order requiring payment of the fees and expenses incurred by Advanced and Enhanced [Appellees] in bringing this motion.* Ms. Michelson [Appellees' counsel], I'll give you some period of time, probably seven to ten days, to file a declaration regarding the fees and expenses incurred by your client.
>
> Mr. Silver [Appellant], if you'd like, I'll give you an opportunity to respond to it. When I see the fees and expenses what I'm going to determine in part as to what extent the fees and expenses should be imposed on counsel or on the clients. The federal rules allow it to be imposed in either way. *Unfortunately, Mr. Silver [Appellant], as the explanations that have been provided are essentially attorney error, I think it's appropriate that some portion of the fees be payable by counsel from you.* So that is going to be ruling on their motion. I'll enter the exact order once I have the declaration there with the dollar amounts on it.
>
> From here I expect the parties to move forward, communicate, and straighten out any additional information needed either if it's by a deposition to determine if there are actual additional documents or information or not. If a further motion is necessary I am willing to consider all the sanctions provided for in Rule 37(b)(2)(A).

Appellees filed declarations seeking a total of $44,035.42 in fees and costs (ER 35). Appellant filed objections. A July 2013 order by Bankruptcy Judge Hammond followed, which stated (ER 39) (emphasis added):

> For the reasons stated on the record at the June 12, 2013 hearing the court determined that discovery sanctions pursuant to Fed. R. Bankr. P. 7037 are appropriate and requested additional briefing regarding the fees incurred by Movants [Appellees].

4

1
2
3
4
5
> Following review of the supplemental pleadings, the court finds that adjustments to the amount requested are appropriate based on duplication of effort and fees associated with the standard discovery process. ***Accordingly, the court awards attorney's fees and costs to be paid by Colfax, Culver and their counsel ("Silver"), in the amount of $24,000 to Movants. This award shall be split equally between Colfax and Culver, on the one hand, and Silver [Appellant] on the other hand.*** Payment shall be made within sixty (60) days of entry of this order.

6     Appellant filed a notice of appeal nine days later (ER 862). He then paid his $12,000

7 portion in September 2013. The appeal was then transferred from the Bankruptcy Appellate

8 Panel of the Ninth Circuit to here.

9     In December 2014, Appellant filed his opening brief and request for judicial notice. When

10 no response was timely filed, an order to show cause followed. Appellees responded that they

11 opposed the relief requested but "have no money or assets and therefore no ability to oppose the

12 appeal" (Dkt. No. 10). Appellant filed a reply on January 20, 2015.

## ANALYSIS

14     Appellant Silver urges this Court to exercise jurisdiction over his bankruptcy appeal

15 because of "finality." Nine days after the bankruptcy judge granted discovery sanctions,

16 Appellant filed a notice of appeal. Contrary to Appellant, however, that appeal was an

17 interlocutory appeal, the order being short of final and not reaching the parties' substantive rights.

18     In his appellate reply brief, Appellant argues that his notice of appeal should be

19 considered as a motion for leave to file an interlocutory appeal. Since Appellant's interlocutory

20 appeal was timely filed, the underlying bankruptcy action is now closed, the appeal is fully

21 briefed, and neither side has objected to review of the order granting discovery sanctions,

22 Appellant's motion for leave to file an interlocutory appeal is hereby **GRANTED**.

23     Turning to the appeal, questions of fact are reviewed for clear error while conclusions of

24 law are reviewed de novo. *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). Appellant

25 argues that the order granting discovery sanctions should be reversed for two reasons. Neither,

26 however, warrants reversal.

27     *First*, Appellant argues that the bankruptcy judge erred because no order requiring the

28 production of documents preceded the order granting sanctions. As Judge Hammond stated,

5

however, no formal motion to compel was filed because the parties jointly agreed to the production of documents. That joint stipulation became the March 2013 order. Appellant then violated the March 2013 order when he failed to turn over the requested files by March 22, 2013.

*Second*, Appellant argues that Appellees failed to meet-and-confer prior to filing their discovery motion. Not so. Appellant participated in a telephonic meet-and-confer on March 29, 2013 (ER 25 at 712, 29 at 757, 31 at 788). Appellant's argument that a "simple phone call" after the second production could have resolved the problem is belied by the record. Indeed, after the second production and after Appellees filed their motion, Appellant made a third production which Appellees called inadequate. Because Appellant caused the additional fees and expenses and because he injected the delay due to his repeated botched productions, the bankruptcy judge did not err.

Appellant seeks judicial notice of several "events" and documents, including documents filed after the July 2013 order. To the extent not relied upon in this order, Appellant's requests for judicial notice are **DENIED AT MOOT**.

## CONCLUSION

For the reasons stated herein, the bankruptcy judge's order granting discovery sanctions is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: January 26, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6